**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | | |
|---|---|---|---|
| (1) WARREN HEIDELBERGER | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| v. | ) | No. | 23-CV-167-GLJ |
| | ) | | |
| (1) ILLINOIS RIVER RANCH | ) | | |
| RECREATIONAL VEHICLE PARK | ) | | |
| PROPERTY OWNERS ASSOCIATION, | ) | | |
| INC., an Oklahoma Corporation, and | ) | | |
| (2) BRANDI ANN PEACE, an | ) | | |
| Individual, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**NOTICE OF REMOVAL**

The Petitioners, Illinois River Ranch Recreational Vehicle Park Property Owners Association, Inc. ("River Ranch POA") and Brandi Ann Peace ("Peace"), Defendants in the above-captioned case, state the following:

1.     The above-entitled cause was commenced in the District Court of Adair County on March 28, 2023. A copy of Plaintiff's Petition setting forth his claims for relief upon which the action is based is attached hereto and marked Exhibit 1. The Summonses served on Defendants are attached hereto and marked Exhibits 2 and 3. Process was served upon River Ranch POA on April 24, 2023. (Return of Summons, Exhibit 4). Process was served upon Peace on April 24, 2023. (Return of Summons, Exhibit 5).

2.     This Notice of Removal is timely filed within thirty-days of April 24, 2023, which was the date in which the Defendants were served in this action. Thus, this Notice of Removal complies with 28 U.S.C. § 1446.

1

## A. **Grounds for Jurisdiction**

3.      Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule ... a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.'" *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003).

4.      Plaintiff's Petition affirmatively alleges a federal claim. Specifically, Plaintiff seeks to recover for alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Petition, ¶¶ 91-95, Exhibit 1). Thus, this Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

5.      Plaintiff's Petition also asserts state law claims for alleged violation of the Oklahoma Consumer Protection Act ("OCPA"), Okla. Stat. tit. 15, § 751 *et seq.* (Petition, ¶¶ 96-99, Exhibit 1). Pursuant to 15 U.S.C. § 1367(a), the Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165, 118 S. Ct. 523, 530 (1997) ("once the case was removed, the District Court had original jurisdiction over ICS' claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute 'other claims that ... form part of the same case or controversy.'").

2

6.    Plaintiff's state and federal claims form part of the same case or controversy. Specifically, Plaintiff incorporates the alleged facts set forth in paragraphs 1-90 of his Petition in his First Cause of Action under the federal FDCPA and incorporates those same alleged facts in support of his Second Cause of Action under the OCPA. (Petition, ¶¶ 91, 96, Exhibit 1). Accordingly, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims. *See Jiang v. New Millennium Concepts Inc.*, 2016 WL 3682474, at *2 (N.D. Cal. 2016) (finding federal-question jurisdiction based on FDCPA and finding supplemental jurisdiction over plaintiff's state law claims under the California Fair Debt Collection Practices Act). Plaintiff seeks damages "in excess of $2,500,000.00." (Petition, p. 1, Exhibit 1).

7.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and Orders served upon Defendants have been attached hereto as follows:

Petition (Exhibit 1);
Summons-River Ranch POA (Exhibit 2);
Summons-Peace (Exhibit 3);
Return of Summons-River Ranch POA (Exhibit 4);
Return of Summons-Peace (Exhibit 5);
Motion for Default Judgment (Exhibit 6);
Defendants' Answer to Plaintiff's Petition (Exhibit 7);
Defendant's Response to Motion for Default Judgment (Exhibit 8); and
Plaintiff's Motion to Strike Insufficient Defenses (Exhibit 9).

Pursuant to LCvR 81.2, a copy of the state court docket sheet is attached as Exhibit 10.

**WHEREFORE**, Defendants, Illinois River Ranch Recreational Vehicle Park Property Owners Association, Inc., and Brandi Ann Peace, pray that this action be removed.

Dated this 23rd day of May, 2023.

3

Respectfully submitted,

**ATKINSON, BRITTINGHAM, GLADD, FIASCO & EDMONDS**
A PROFESSIONAL CORPORATION

\s\J. Andrew Brown
J. Andrew Brown, OBA #22504
Raymond "Trey" Purdom, OBA #33591
1500 ParkCentre
525 South Main
Tulsa, OK 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
jbrown@abg-oklaw.com
rpurdom@abg-oklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 23rd, 2023, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants:

Warren Heidelberger, *Pro Se*
4962 E. 27th Street
Tulsa, OK 74114
RiverRat2013@protonmail.com

\s\J. Andrew Brown

4