IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WARREN HEIDELBERGER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ILLINOIS RIVER RANCH ) <br> RECREATIONAL VEHICLE PARK ) <br> PROPERTY OWNERS ASSOCIATION, ) <br> INC., BRANDI PEACE, JIMMY ) <br> GOWER, MICHELLE HOWELL, JIM ) <br> MCSPADDEN, AND DOES 1-10 ) <br> ) <br> Defendants. ) | Case No. CIV-23-167-GLJ |

## OPINION AND ORDER

Before the Court are two Motions to Dismiss: (1) Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 38] submitted on behalf of Defendants Illinois River Ranch Recreational Vehicle Park Property Owners, Brandi Peace, and Michelle Howell; and (2) Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 41] submitted on behalf of Defendants Jimmy Gower and Jim McSpadden. For the reasons set forth below, the Court finds that Defendants' Motions to Dismiss Plaintiff's Amended Complaint are hereby GRANTED.

## BACKGROUND

This case arises out of a previous lawsuit between Plaintiff, Warren Heidelberg, and Defendant Illinois River Ranch Recreational Vehicle Park Property Owners Association ("Illinois River Ranch") filed in the District Court of Adair County, Case Number CV-

1

2021-15 ("Adair County Case"). *See* Docket No. 30, ¶ 19. Defendant Illinois River Ranch filed the Adair County Case against Plaintiff alleging that Plaintiff violated "restrictive covenants" connected to Plaintiff's ownership in certain lots. *Id.* at ¶¶ 14, 19. Ultimately, Illinois River Ranch obtained a judgment against Plaintiff in the Adair County Case. *Id.* at ¶ 23. Subsequently, the District Court of Adair County set a hearing to determine an award of attorney fees. *Id.* at ¶ 26. Plaintiff did not appear at the hearing, and the court awarded Illinois River Ranch approximately $5,000.00 in attorney fees. *Id.* Plaintiff alleges in his First Amended Complaint, *inter alia*, that Defendants have intentionally engaged in deceitful and coercive tactics while attempting to collect their attorney fees and lot fees. *See* Docket No. 30.

Plaintiff originally filed this lawsuit in District Court in Adair County, Oklahoma against Defendants Illinois River Ranch and Brandi Ann Peace. *See* Docket No. 2. Plaintiff asserted claims for violations of the Fair Debt Collections Practices Act ("FDCPA") and the Oklahoma Consumer Protection Act ("OCPA"). *Id.* On May 23, 2023, this action was removed to this Court. *Id.* Plaintiff subsequently filed his First Amended Complaint in which he added Jimmy Gower, Michelle Howell and Jim McSpadden as defendants and added claims for civil conspiracy and abuse of process. *See* Docket No. 30. The First Amended Complaint sets out the following enumerated causes of action: (1) violations of the FDCPA (Counts I – XVI) against all Defendants; (2) violations of the OCPA (Counts XVII – XXI) against Defendant Illinois River Ranch; (3) civil conspiracy (Count XXII) against all Defendants; and (4) abuse of process (Count XXIII) against all Defendants.

Docket No. 30 The Defendants now move to dismiss the Second Amended Complaint. *See* Docket No. 38; Docket No. 41.

## ANALYSIS

In reviewing a motion to dismiss, the Court "assume[s] the truth of all well-pleaded facts in the complaint," and construes all reasonable inferences in the light most favorable to the Plaintiff. *Western Watersheds Project v. Michael*, 869 F.3d 1189, 1193 (10th Cir. 2017). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief[.]" FED. R. CIV. P. (8)(a)(2). Although detailed factual allegations are not required, the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 577. A "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). "This [C]ourt, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*,

727 F.3d 1272, 1280 (10th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

    I.    **FAIR DEBT COLLECTION PRACTICES ACT: COUNTS I – XVI (ALL DEFENDANTS)**

Congress enacted the Fair Debt Collections Practices Act ("FDCPA") as a means "to eliminate abusive debt collection practices by debt collectors." Accordingly, in order to plead a cause of action under the FDCPA, plaintiffs must allege, *inter alia*, "that the . . . entity collecting the debt is a 'debt collector.'" *Head v. Ocwen Loan Servicing, LLC*, 2015 WL 4276148, *4 (D. Kan. July 14, 2015); 15 U.S.C. § 1692. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Generally, a creditor[1] seeking to collect its own debts and any officer or employee of a creditor collecting debts for such creditor, are not debt collectors. *Id.* However, any creditor that, "in the process of collecting his own debts uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts" is a debt collector. *Id.*

---

[1] "The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

4

All Defendants assert Plaintiff's Counts I – XVI, alleging violations of the FDCPA, must be dismissed because Defendants are creditors who seek to collect their own debts and, thus, are expressly excluded from the definition of a debt collector. *See* Docket No. 38, p. 5; Docket No. 51, p. 5. Conversely, Plaintiff contends Defendants are debt collectors by virtue of the "false name" exception.[2] Docket No. 30, ¶ 75; Docket 43, p. 11; Docket 44, p. 11.

When assessing whether a creditor has used a name other than its own such that it qualifies as a debt collector under the FDCPA, "[t]he issue is 'whether under the particular factual circumstances present, the least sophisticated consumer would have the false impression that a third-party was collecting the debt.'" *Hunnell-Villines v. Hartford Life and Accident Ins. Co.*, 2020 WL 374688 *3 (D. Kan. 2020) (citing *Carlson v. Long Island Jewish Med. Ctr.*, 378 F. Supp. 2d 128, 131 (E.D.N.Y. 2005)). The "least sophisticated consumer" is an objective standard which protects naïve consumers while preserving reasonableness by "prevent[ing] liability for bizarre or idiosyncratic interpretations[.]" *Leblanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam). "[T]he 'least sophisticated consumer' can be presumed to possess a rudimentary amount

---

[2] Plaintiff's First Amended Complaint alleges that the principal purpose of Defendants' business is the collection of debts and that "Defendants regularly attempt to collect debts alleged to be due another." Docket No. 30, ¶ 72. However, the First Amended Complaint does not include any additional facts to support these allegations and, in fact, includes several allegations indicating that Defendants are attempting to collect their own debts. *Id.* ¶¶ 23-28, 43 (*See, e.g.*, "Defendants prevailed against Heidelberger in state court for alleged breach of the contract. . . . Since Heidelberger heard nothing more from the Defendants about the debt throughout the fall and winter he hoped and fully expected that they had come to their senses and ceased their illegal shenanigans for good."). Thus, the First Amended Complaint fails to allege Defendants are debt collectors under the traditional definition set forth under 15 U.S.C. § 1692a(6).

of information about the world and a willingness to read . . . with some care." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2nd Cir. 1993).

Plaintiff alleges in his First Amended Complaint that Illinois River Ranch used a plethora of names and acronyms since the inception of the Adair County Case. Specifically, Plaintiff alleges Illinois River Ranch donned fourteen different names throughout the Adair County Case, prior to ever attempting to collect any debts. Docket 30, ¶ 21. He variously identifies a number of these fifteen names in the First Amended Complaint. Plaintiff alleges Defendants first sent a collection email to Plaintiff on March 28, 2022, in which Defendants utilized the name "Illinois River Ranch Resort POA." *Id.* at ¶ 30. Subsequently, on April 1, 2022, Defendants used the acronyms "irvpoa," "IRRV POA," and "IRR RV Park" all in one e-mail. *Id.* at ¶ 30. Then, on October 26, 2022, Defendants, in one e-mail, utilized the acronyms "IRR RV Park" and "IRRV POA," both of which appeared in the April 1, 2022, email. *Id*. at ¶¶ 30, 45. In addition to these acronyms and names, Plaintiff alleges that Defendants also utilized the following: (1) "Illinois River Ranch Recreational Vehicle Property Owners Association of the Illinois River Ranch, Inc. d/b/a Illinois River Village (IRR POA)"; (2) "IRR POA"; (3) Illinois River Ranch RV POA Board of Directors"; and (4) "Illinois River Ranch Resort." *Id.* at ¶ 63. Additionally, he asserts Defendants continued to use various names and acronyms that he variously describes as "false," "deceptive," and "misleading," once Defendants began their attempts to collect the debts owed in the spring of 2022. *See* Docket 30, ¶¶ 21-45.

Based on further allegations of the First Amended Complaint, Illinois River Ranch is the "local administrative authority" that enforces the restrictive covenants in the area

Plaintiff resides. Docket No. 30, ¶ 16. Plaintiff has been involved in the aforementioned Adair County Case with Illinois River Ranch for several years, in which Illinois River Ranch has utilized several different names and acronyms. *Id.* at ¶ 21. In this factual context, the names and acronyms utilized by Illinois River Ranch in its debt collection attempts therefore harken to Plaintiff's relationship with, and debts owed, to Illinois River Ranch. The Court finds that even the least sophisticated consumer would connect the various acronyms and names, employed by Defendant Illinois River Ranch in their debt collection efforts and identified in the First Amended Complaint, with Plaintiff's outstanding debts and ongoing tumultuous relationship with Illinois River Ranch Recreation Vehicle Park Property Owners Association, Inc.

      Other courts have reached similar conclusions in instances in which the discrepancy between the defendant's actual name and the "false name" is greater than it is in the present case. *See e.g.*, *Young v. Lehigh Corp.*, No. 80 C 4376, 1989 WL 117960, at *22 (N.D. Ill. Sept. 28, 1989) ("How the plaintiff (or anyone else, for that matter) could have been duped into believing that Lehigh Corporation was not affiliated with Lehigh Country Club, Inc. is a mystery. Accordingly, the plaintiff has no cause of action against Lehigh under the FDCPA."); *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200 (11th Cir. 2019) (affirming the district court's conclusion that the least sophisticated consumer would connect Chase Home Finance with JPMorgan Chase); *Wilkinson v. Olympia Dev. of Mich. LLC*, No. 22-10714, 2022 WL 4870781, at *6 (E.D. Mich. Oct. 3, 2022) (granting defendant's motion to dismiss because the least sophisticated consumer would not believe Olympia Development Authority is "a third party distinct from Olympia Development of

Michigan"). Since Plaintiff fails to allege Defendant Illinois River Ranch is a debt collector, Plaintiff's FDCPA cause of action against Defendants Brandi Peace, Jimmy Gower, Michelle Howell, and Jim McSpadden must also be dismissed because the term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collect[s] debts for such creditor." 15 U.S.C. § 1692(a)(6)(A); Docket No. 30 ¶ 78.

Under the facts alleged in Plaintiff's First Amended Complaint, even when liberally construed, the Court finds the least sophisticated consumer would not have a false impression that a third party was attempting to collect the debts. The least sophisticated consumer would connect Illinois River Ranch Recreational Vehicle Park Property Owners Association, Inc. with the various acronyms and names alleged in the First Amended Complaint because they all contain a substantial combination of the same words and/or abbreviations. Therefore, Plaintiff does not state a plausible FDCPA claim. Accordingly, Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 38] and Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 41] is hereby GRANTED as to Counts I – XVI.

## II.   SUPPLEMENTAL JURISDICTION

Pursuant to 28 U.S.C. § 1367(c), after dismissing all claims over which a district court has original jurisdiction, the district court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c). The Court finds it is appropriate to do so here and accordingly declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (Counts XVII - XXIII). *City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151,

1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). The Court finds these claims should be, and hereby are, remanded to the District Court of Adair County, Oklahoma in the event this Order ripens to a final judgment.

### III.   LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

Plaintiff alleges that Defendants have sent Plaintiff upwards of seventy-seven e-mails attempting to collect their debts. Docket No. 30. ¶ 47.  While Plaintiff enumerated a number of different names, he did not identify all fifteen of them, and the Court therefore finds it is conceivable that Defendants may have utilized a name within these many e-mails that would cause the least sophisticated consumer to believe a third party was seeking to collect the debts owed.  Accordingly, Plaintiff is given a limited opportunity to *seek leave* to amend *only* under the following conditions: Plaintiff must file within 28 days, or by November 27, 2023, a Motion for Leave to Amend Plaintiff's First Amended Complaint, detailing the requested amendment(s) to the Complaint and identifying *all* names used by

9

Defendants which Plaintiff contends demonstrate that Defendants qualify as debt collectors pursuant to the false name exception. Any such motion for leave to amend must include (i) a Proposed Second Amended Complaint, as well as (ii) a redlined version showing the differences between the First Amended Complaint and the proposed Second Amended Complaint as exhibits. Any motion not in compliance with *all* of these requirements may be stricken.  The Court holds in abeyance any remand of Plaintiff's state law claims until such a time as any Motion for Leave to Amend Plaintiff's First Amended Complaint is resolved.

## CONCLUSION

Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 38] and Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 41] be GRANTED as to Counts I - XVI (violations of the Fair Debt Collection Practices Act). The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and they are therefore REMANDED to the District Court of Adair County, Oklahoma, in the event this Order becomes a final judgment.

Plaintiff may seek leave to amend for the limited purpose of including additional allegations demonstrating that Defendants qualify as debt collectors under the "false name" exception of the FDCPA. Any such motion for leave to amend must be made within 28 days, or by November 27, 2023, detailing the requested amendment(s) to the Complaint and identifying *all* names used by Defendants which Plaintiff contends demonstrate that Defendants qualify as debt collectors pursuant to the false name exception. Any such

motion must include (i) a Proposed Second Amended Complaint, as well as (ii) a redlined version showing the differences between the First Amended Complaint and the proposed Second Amended Complaint as exhibits.

IT IS FURTHER ORDERED that Defendants' request for attorney's fees is denied at this time.

IT IS SO ORDERED this 30th day of October 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**