IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WARREN HEIDELBERGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-167-GLJ |
| | ) |
| ILLINOIS RIVER RANCH | ) |
| RECREATIONAL VEHICLE PARK | ) |
| PROPERTY OWNERS ASSOCIATION, | ) |
| INC., BRANDI PEACE, JIMMY | ) |
| GOWER, MICHELLE HOWELL, JIM | ) |
| MCSPADDEN, AND DOES 1-10 | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff brought this action alleging, *inter alia*, Defendants violated the Fair Debt Collections Practices Act ("FDCPA") in attempting to collect "lot fees" and attorney's fees awarded to Defendants in a previous lawsuit. Docket No. 22. Defendants filed Motions to Dismiss to Plaintiff's First Amended Complaint, and on October 30, 2023, the Court granted Defendants' Motions but provided Plaintiff the opportunity to "seek leave to amend for *the limited purpose* of including additional allegations demonstrating Defendants qualify as debt collectors under the 'false name' exception of the FDCPA." Docket No. 52. (emphasis added). Accordingly, Plaintiff moved for leave to amend; however, Plaintiff's proposed Second Amended Complaint included factual allegations outside the scope outlined by this Court's October 30, 2023, Opinion and Order. Thus, the Court disregarded any facts that were included in contravention of this Court's Order and,

1

on January 22, 2024, denied Plaintiff's Motion Seeking Leave to Amend Complaint [Docket No. 55] finding that Plaintiff failed to allege Defendants constituted a debt collector under the FDCPA. Docket No. 58. Plaintiff now moves for relief from the January 22, 2024, Opinion and Order. For the reasons set forth below the Court finds Plaintiff's Rule 60(b) Motion for Relief [Docket No. 62] is DENIED.

## ANALYSIS

Relief under Fed. R. Civ. P. 60(b) is an extraordinary remedy and "may only be granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (quoting *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000)). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991). Here, Plaintiff seeks relief under Rule 60(b)(1), (2), (3), and (4). The Court finds Plaintiff fails to demonstrate exceptional circumstances under these subsections and denies Plaintiff's Rule 60(b) Motion for Relief.

### I.  FED. R. CIV. P. 60(B)(1)

Rule 60(b)(1) provides for relief on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Because relief under Rule 60(b) is not intended to be used as a substitute for a direct appeal, 'as a general proposition,' the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: '(1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from the party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Sheldon v. Vermonty*, 189 F.R.D.

444, 446 (D. Kan. Sept. 17, 1999) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)). However, "[g]enerally speaking, a party who takes deliberate action with negative consequences . . . will not be relieved of the consequences when it subsequently develops that the choice was unfortunate." *Cashner*, 98 F.3d at 577 (quoting 7 Moore, Federal Practice ¶¶ 60-22[2], p. 60-182.). Similarly, relief is not appropriate "where a party . . . seeks to 'challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the party's] position.'" *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (quoting *Van Skiver*, 952 F.2d at 1244). Plaintiff contends there are ten mistakes that warrant relief from this Court's January 22, 2024, Opinion and Order.[1] Upon careful consideration of Plaintiff's challenges, the Court finds that Plaintiff is not entitled to relief under Rule 60(b)(1).

First, many of Plaintiff's alleged mistakes are dependent on Plaintiff's contention that he mistakenly alleged Defendants were his creditor. However, Plaintiff's Motion indicates that he deliberately chose to allege Defendants were creditors under the "false name" provision of the FDCPA, and he is not entitled to relief for the negative consequences that stem from his deliberate actions. Docket No. 62, p. 3-4 ("Based on Defendant(s) complete

---

[1] Those ten mistakes are: (1) Plaintiff mistakenly alleged that Defendant is his creditor; (2) Plaintiff inadvertently created the presumption of Defendant's status as Plaintiff's creditor; (3) the Court mistakenly allowed this presumption to remain undisturbed; (4) the Court erroneously found Defendant to be Plaintiff's creditor; (5) the Court erred by basing its ruling on the conclusion Defendant is Plaintiff's creditor; (6) the Court erred by barring Plaintiff from alleging the facts contained in the proposed Second Amended Complaint that were included in contravention of this Court's Order; (7) the Court erred by not considering those facts that were included in violation of this Court's Order; (8) the Court misapplied the facts to *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998); (9) the Court erred by not applying the "no set of facts" standard when reviewing whether amendment was futile; and (10) the Court erred by denying Plaintiff's Motion to Amend. Docket No. 62, pp. 3-7.

failure or refusal to show any evidence during Discovery which would indicate ownership by them of the purported debts, Plaintiff *no longer* believes Defendant(s) to be entitled to 'creditor' status under the FDCPA. . . . Plaintiff realized that his presumption of Defendants' creditor status was mistaken."); *Cashner*, 98 F.3d at 577. This is further reflected in Plaintiff's First Amended Complaint, in which Plaintiff offered only formulaic recitations that Defendants regularly attempted to collect debts due another, but included many factual allegations focused entirely on the numerous names Defendants utilized in the prior lawsuit and in attempting to collect attorney's fees and lot fees. Docket No. 30, ¶¶ 16, 22-26, 56-64, 72, 75. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a case of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion' devoid of further 'factual enhancement.'"). Accordingly, the "mistakes" that are interconnected to Plaintiff's decision to allege Defendants were his creditor do not constitute exceptional circumstances warranting relief under Rule 60(b)(1).

Second, Plaintiff's contentions that the Court did not have the authority to limit the scope of his proposed Second Amended Complaint, and strike those allegations that exceeded said scope, are without merit. Indeed, "Federal courts will regularly strike allegations, claims, and even entire amended pleadings under Federal Rule of Civil Procedure 12(f) where that material exceeds the scope of an amendment permitted by the court. . . . [T]o hold otherwise would be to essentially ignore Fed. R. Civ. P. 15(a) and the requirement that plaintiff seek leave before amending his complaint." *Urisote v. Corizon & Centurion Health Care Providers*, 2021 WL 1811694, at *7 (D.N.M. May 6, 2021).

Third, to the extent Plaintiff contends the Court misapplied various aspects of the law, such "challenge[s go to] the legal correctness of the [Court's] judgment . . . [and] are properly brought under Rule 59(e) . . . or on direct appeal but do not justify relief from the district court's judgment pursuant to Rule 60(b)." *Van Skiver*, 952 F.2d at 1244; *Rohas v. Am. Postal Workers Union*, 1998 WL 288665, at *1 (D. Kan. May 5, 1998) (argument that court misapplied law not properly brought under Rule 60(b)). Regardless, the Court finds that it did not misapply the law, applied the correct standards, and no obvious errors of law are apparent on the record. *Van Skiver*, 952 F.2d at1244 ("[I]n some instances relief may be granted under Rule 60(b)(1) on a theory of mistake of law[.] . . . However, such relief is available only for obvious errors of law, apparent on the record.") Accordingly, the Court finds Plaintiff is not entitled to relief under Fed. R. Civ. P. 60(b)(1).

## II.    FED. R. CIV. P. 60(B)(2)

Plaintiff next asserts that new evidence has been discovered demonstrating that Defendants are not his creditor. "To be eligible for relief under Rule 60(b)(2), the moving party must show: '(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result.'" *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (quoting *Zurich v. N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005)). Plaintiff's allegedly newly discovered evidence consists of two documents: (1) the "Restated Amended Declaration of Covenants and Restrictions" (the "Contract"); and (2) the

Certificate of Incorporation of Illinois River Ranch Recreational Vehicle Park Property Owners Association. Docket Nos. 64-1 & 64-2. At the outset, Plaintiff fails to demonstrate that this evidence was unavailable to him prior to this Court's January 22, 2024, Opinion and Order. Indeed, Plaintiff indicates he received these documents from Defendants on August 18, 2023, twelve-days prior to Plaintiff filing his Responses to Defendants' Motions to Dismiss [Docket Nos. 43 & 44], two months prior to this Court's October 30, 2023, Opinion and Order granting the Motions to Dismiss [Docket No. 52], and over five months prior to this Court's January 22, 2024, Opinion and Order denying Plaintiff leave to amend [Docket No. 58].[2] As such, the Court finds that Plaintiff is not entitled to relief pursuant to Fed. R. Civ. P. 60(b)(2).

### III.   FED. R. CIV. P. 60(B)(3)

Plaintiff next moves for relief under Rule 60(b)(3) on the basis that Defendants engaged in "fraud on the Court[.]" Docket No. 62, p. 8. "To prevail on a Rule 60(b)(3) motion, the movant must prove by clear and convincing evidence that an adverse party committed the alleged fraud, misrepresentation or conduct. The movant must also show that the alleged fraud prevented the movant from fully and fairly presenting movant's case." *Nevitt v. Fitch*,

---

[2] Moreover, as alleged in Plaintiff's First Amended Complaint and in his proposed Second Amended Complaint, despite Plaintiff's contentions that Illinois River Ranch is not a party to the Contract, Illinois River Ranch previously sued and prevailed against Plaintiff under the Contract that "may" obligate Plaintiff to pay lot fees, in state court. Docket Nos. 30 & 55-2. The Court takes judicial notice of the public records available on Oklahoma State Courts Network (*see Illinois River Ranch Inc. v. Heidelberger*, CV-2021-15 (filed on Feb. 18, 2021)) and notes that since at least 2021 Plaintiff was in receipt of at least a partial version of the Contract as attached to the Petition in this prior litigation. *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take notice of proceedings in other courts, both within and without the federal judicial system).

2003 WL 27384959, at *3 (D.N.M. Aug. 14, 2003) (citations omitted). However, fraud on the Court is distinct from fraud between the parties.

> Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)); *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) ("Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not . . . false statements or perjury."). The crux of Plaintiff's argument is that Defendants committed fraud by claiming to be Plaintiff's creditor. Docket No. 62, pp. 8-9. The Court finds that such an action, even if presumed to be true, does not rise to such egregious behavior to constitute fraud on this Court. *See Bulloch*, 763 F.2d at 1121. Thus, the Court denies Plaintiff's request for relief under Rule 60(b)(3).

## IV.     FED. R. CIV. P. 60(B)(4)

Lastly, Plaintiff asserts this Court's January 22, 2024, Opinion and Order is void for want of subject matter jurisdiction. "An order is void under Rule 60(b)(4) if the 'rendering court was powerless to enter it' due to lack of jurisdiction over the parties or subject matter." *Villecco v. Vail Resorts, Inc.*, 2017 WL 5247910, at *3 (D. Wy. Jan. 23, 2017) (quoting *Hopkins v. Galetka*, 370 Fed. App'x. 909, 910 (10th Cir. 2010)). An order may also be void "if the court's action involves a plain usurpation of power or if the court has acted in a manner inconsistent with due process of law. In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted." *V.T.A.,*

*Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979). Plaintiff asserts that in denying Plaintiff's motion for leave to amend, and by refusing to consider the factual allegations in his proposed Second Amended Complaint that were included in disregard of this Court's Order, he was denied due process. The Court had federal question jurisdiction to enter its Order, and Plaintiff was provided an opportunity to amend his Complaint and the provided an opportunity to present a proposed Second Amended Complaint. Therefore, the Court finds that relief under Rule 60(b)(4) is not warranted as Plaintiff was provided an opportunity to be heard and this Court's January 22, 2024, Order was not void.

## CONCLUSION

Accordingly, Plaintiff fails to show exceptional circumstances under Fed. R. Civ. P. 60(b), and IT IS HEREBY ORDERED THAT Plaintiff's Rule 60(b) Motion for Relief from the Order of January 22, 2024 [Docket No. 62] is hereby DENIED. IT IS FURTHER ORDERED Defendants' request for attorney's fees is DENIED.

**DATED** this 22nd day of May, 2024.

*/s/ Gerald L. Jackson*

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**